JOHN BELCHER ET AL. v. BEN R. WILSON.

A petition based upon a note should aver who executed or made and delivered it. (Paschal's Dig., Art. 1427, Note 537.)

The sheriff's return must show that he delivered to the defendant a copy of the citation and of the petition. (Paschal's Dig., Art. 1433, Note 545.)

Where one defendant was not shown to be legally served and one was shown not to have been served at all, the entire judgment was reversed, although only two out of three prosecuted error.

Error from Wood. The case was tried before Hon. Charles A. Frazer, one of the district judges.

The facts are sufficiently set forth in the opinion of the court. There were three defendants. Judgment having been rendered by default against all, two only prosecuted error.

*Armstrong & Parsons,* for plaintiff in error.

No brief for defendants in error has been furnished to the *Reporter.*

Morrill, C. J.—The petition in this case states two of the defendants, Belcher & Belcher, being indebted to Norton, their joint and several promissory note in writing, and by which the said Belcher & Belcher promised to pay said Norton, &c. The petition states the indorsement of the note by Norton and requests judgment against all parties.

The sheriff's return on the writ was, "Executed by handing John Belcher a copy of this citation, and accompanies this citation a certified copy of plaintiff's petition."

Norton was not cited. Judgment by default against all the defendants.

It is not alleged who executed the note, or in fact that any note was executed by those who are sued as makers. There is not that "full and clear statement in the cause of action that is required by the statute."

The service is also defective. The sheriff does not state that he delivered to the party in person a copy of the citation and a copy of the petition, as the statute requires, article 1433 of Paschal's Digest, and in fact one of the defendants was not even thus defectively cited.

The judge must have taken the statement of some one that the citations were regular, instead of giving them a personal examination. Judgment reversed, and cause

Remanded.