## R. B. Pumphrey et al. v. John Threadgill.

### No. 1300.

1. **Corporations—Public and Private.**—The statute (Revised Statutes, article 562) divides corporations into public and private, and defines a public corporation as "one that has for its object the government of a portion of the State," and private corporations as "religious; * * * and corporations for profit." In enumerating the purposes for which private corporations may be formed, among many, the statute names "the supply of gas or the supply of light or heat to the public by any means."

2. **Same—Light and Power Companies.**—"The Taylor Electric Light, Gas, and Power Company" is classed by the statute as a private corporation. It is immaterial whether it is or is not strictly a private corporation—it is so designated by the statute.

3. **Power of Private Corporation to Borrow Money, etc.**—Revised Statutes, articles 575 and 577, empower private corporations to borrow money and to pledge their property to secure payment. The statute is plain, and interprets itself. The statute giving the rule, the common law as to the powers of a quasi-public corporation, does not apply.

4. **Deed of Trust—Sale by Trustee.**—The corporation to secure a debt executed a deed of trust, with power to sell, upon all its property. Such power of sale may be executed by the trustee. The purchaser will become the owner of all the property which will include the right to operate it under direction of corporate organization. The purchaser under such sale would have just such power to use the property as the company had under its franchise.

5. **Light and Power Corporations.**—A corporation of the kind before us is not under the same obligations and duties to the State and the public that are imposed upon railroads, and hence there is not the same reason for legislative consent to its acts.

APPEAL from Williamson. Tried below before Hon. F. G. MORRIS.

*John W. Parker,* for appellants.—1. A private corporation under our general law has the power to borrow money and to mortgage its property and income to secure the payment of the same, including that necessary to be owned in order to execute its franchise; and plaintiff, alleging that the note and deed of trust were executed by C. Mendel, as president of the Taylor Electric Light, Gas, and Power Company, in the name of that company, in favor of the Taylor National Bank, pursuant to a resolution passed by the board of directors of said company, on May 8, 1893, for money borrowed by the said company from the said bank, showed by his own allegations that the said note and deed of trust were legal and valid obligations of the said the Taylor Electric Light, Gas, and Power Company, and the court should have sustained defendants' general demurrers and dismissed the suit. Hardware Co. v. Manufacturing Co., 86 Texas, 151, 152; 1 Mora. on Corp., sec. 346; 2 Beach on Cor., secs. 388, 739, 748; Evans v. Boston Heat Co., 31 N. E. Rep., 698; Detroit v. Gas Light Co., 43 Mich., 599–603; Hays v. Light Co., 29 Ohio St., 330, 337, 340; Gordon v. Preston, 1 Watts (Pa.), 386; Watts' Appeal, 78 Pa. St., 392, 394; Aurora Ag. and Hort. Soc. v. Paddock, 80 Ill., 264, 265; West v. Menard Co. Ag. Board, 82 Ill., 206, 207; Susquehanna B. v. B. Co., 3 Md., 311; Richards v. Railway, 44 N. H., 135; Thompson v. Lambert, 44 Iowa, 244.

2. There are but two kinds of corporations known to our law, namely, public and private, and the Taylor Electric Light, Gas, and Power Company is by express statutory enactment made to belong to the latter class, and has power without legislative permission to dispose of its property. Sayles' Civ. Stats., arts. 562–566, subdiv. 13.

3. However, conceding that an electric light corporation formed under our law is a quasi-public corporation and without authority to

dispose of its property in the absence of legislative consent, our statutes expressly authorize such corporations to borrow money and to mortgage their property, and this power includes the authority to mortgage property necessary to be owned by such corporations in order to discharge their duties to the public.

4. The plea of ultra vires can not be set up by a corporation as a defense against the enforcement of a contract, which is not tainted with fraud nor prohibited by statute, so long as it is in the possession and enjoyment of benefits resulting from the performance of the contract by the adversary party; and it appearing from the plaintiff's petition that the Taylor Electric Light, Gas, and Power Company received of the Taylor National Bank the sum of $7000, on the faith of the deed of trust, and it not being pretended that the contract was tainted with fraud or that it was prohibited by statute, the court should have held the defense of ultra vires against the deed of trust inequitable, so long as the money it was given to secure remained unpaid. Bond v. Terrell Manf. Co., 82 Texas, 312–314; Head v. Cleburne B. and L. Assn., 25 S. W. Rep., 810, 811; 2 Kent., 11 ed., p. 381; Bradley v. Ballard, 55 Ill., 417–419; Gas Co. v. West, 50 Iowa, 25; Thompson v. Lambert, 44 Iowa, 248; DeGraff v. Linen Thread Co., 21 N. Y., 127, 128; Argenti v. City of San Francisco, 16 Cal., 265; Nav. Co. v. Weed, 17 Barb., 378; Hays v. Gas Light and Coal Co., 29 Ohio St., 340; Whitney Arms Co. v. Barlow, 63 N. Y., 62; Aurora Ag. and Hort. Soc. v. Paddock, 80 Ill., 266, 267.

The following authorities, omitting therefrom those mentioned above, are given in a note by the compilers of volume 35 of L. C. P. Co.'s Supreme Court Reports, pp. 56, 57: Hurd v. Green, 17 Hun, 327; Herzo v. San Francisco, 33 Cal., 314; Miner's Ditch Co. v. Zellerbach, 37 Cal., 543; Foulke v. San Diego Railway, 51 Cal., 365; Bissell v. Railway, 22 N. Y., 258, 262; Bank v. Rogers, 125 Mass., 339; Perkins v. Railway, 47 Me., 573; Natchez v. Mallery, 54 Miss., 499; State Board of Agriculture v. Railway, 47 Ind., 407; Hitchcock v. Galveston, 96 U. S., 341 (24: 659); Downing v. Road Co., 40 N. H., 230; H. & W. Mfg. Co. v. Canney, 54 N. H., 295; Converse v. Transp. Co., 33 Conn., 166; Boyce v. Towsontown M. E. Church, 46 Md., 359; Ins. Co. v. Bledsoe, 52 Ala., 538; Ex Parte Williamson, L. R., 5 Ch. App., 309; Bank v. Pierson, 24 Minn., 141; Thomp. Nat. Bank Cases, 637; Arms Co. v. Barlow, 63 N. Y., 62; Buffett v. Railway, 40 N. Y., 168; Baptist Church v. Baptist Church, 73 N. Y., 82; Darst v. Gale, 83 Ill., 136; Gold Min. Co. v. Bank, 2 Col., 256; 96 U. S., 640 (24: 648); Whinney v. Bank, 50 Vt., 388; Railway v. McCarthy, 96 U. S., 258 (24: 693); Bank v. Matthews, 98 U. S., 621 (25: 188); Stewart v. Bank, 2 Abb. U. S., 424; Grant v. Coal Co., 80 Pa., 208; Railway v. Transp. Co., 83 Pa., 160; Zottman v. San Francisco, 20 Cal., 96; Hague v. Philadelphia, 48 Pa., 527; Petroleum Co. v. Weare, 27 Ohio St., 343; Nicholson v. Bradfield Union, L. R., 1 Q. B., 620; Clark v. Cuckfield Union, 11 Eng. L. & Eq., 442; Hooker v. Bank, 30 N. Y., 83; Sanders v. St.

Neot's Union, 8 Q. B., 810. And the author, in the note in which are cited these cases, uses them as authority for the proposition made by counsel, stating it in the following language: "Where contracts, made by or with corporations, are not tainted by fraud or expressly prohibited by statute, and have been fully or even partially executed, so that it would be unjust to allow a repudiation thereof by either party, the defense of ultra vires will not be sustained by the courts. The defense should not as a general rule prevail, whether interposed for or against a corporation, when it would not advance justice, but on the contrary work a legal wrong."

*R. H. Ward* and *W. F. Robertson*, for appellee.—1. Appellant, the Taylor Electric Light, Gas, and Power Company, was incorporated for the purpose of supplying light, heat, and power to the city of Taylor and the inhabitants thereof, and for the purpose of establishing electric light works, or gas works, therein. It was therefore a quasi public corporation charged with the performance of public duties; and as the deed of trust when foreclosed would have disabled appellant from discharging its public duties, such deed of trust was not only an act ultra vires, but it was against public policy and void. The court below, therefore, did not err in perpetuating the injunction restraining the foreclosure of said deed of trust.

A gas or light company is a quasi-public corporation. Rev. Stats., art. 566, subdiv. 13; 2 Mora. on Corp., sec. 1129; Gas Light Co. v. Gas, Fuel and Light Co., 35 Am. St. Rep., 385, and notes; Munn v. Illinois, 4 Otto, 113; Gas Light Co. v. Light, etc., Co., 115 U. S., 650; Gas Co. v. Gas Light Co., 115 U. S., 683; Waterworks Co. v. Rivers, 115 U. S., 674; Waterworks v. Schottler, 110 U. S., 347; 8 Am. and Eng. Encyc. of Law, 587, 599, 614; Gibbs v. Gas Co., 130 U. S., 396; Foster v. Fowler, 60 Pa. St., 27.

Upon the main proposition: 1 Waterm. on Corp., p. 588, sec. 159; 4 Am. and Eng. Encyc. of Law, 237, 238, and notes; 2 Beach on Corp., secs. 388, 389; 1 Beach on Corp, secs. 360, 362; Taylor on Corp., secs. 125, 130–132, 304–306; Pierce on Rys., p. 496; Freem. on Ex., secs. 126, 126a, 179; Jones on Mort., sec. 124; Jones on Corp. Bonds and Mort., secs. 2, 3, note 3; 2 Mora. on Corp., sec. 1125, note; Gas Light Co. v. Gas and Fuel Co., 35 Am. St. Rep., 385, notes; Barnes v. City of Palestine, 50 Texas, 538; Russell v. Railway, 68 Texas, 653; Railway v. Morris, 67 Texas, 699; Gas Light Co. v. Gas Light Co., 2 Am. St. Rep., 124; Fitisman v. Hoy, 3 Am. St. Rep., 494; Richardson v. Sibley, 87 Am. Dec., 700; Commonwealth v. Smith, 87 Am. Dec., 674 (these two last cases hold that where the power to sell does not exist the power to mortgage does not, because a mortgage may result in a sale); Thomas v. Railway, 11 Otto, 71; Gibbs v. Gas Co., 130 U. S., 396; Black v. Canal Co., 22 N. J. Eq., 399; Water Co. v. Hamilton, 81 Ky., 517; Gas Light Co. v. City of Covington, 84 Ky., 94; Canal Co. v. Bonham, 9

Watts & S. (Pa.), 27; Roper v. McWhorter, 77 Va., 214; Gue v. Canal Co., 24 How., 257.

Upon the proposition that a general statute giving a quasi-public corporation power to mortgage its property does not grant the power to mortgage property essential to it to enable it to discharge its public duties, see the following: Rev. Stats., art. 577; Coe v. Railway, 75 Am. Dec., 518; Transportation Co. v. Palace Car Co., 139 U. S., 24; Railway and Nav. Co. v. Railway, 130 U. S., 2; Jones on Corp. Bonds and Mort., secs. 11, 140; Gooch v. McGee, 83 N. C.; Mayer v. Root, 8 Md., 103; Branch v. Jussup, 16 Otto, 468.

See the following cases for instances where broad general statutes have been given a restrictive and limited effect: Lewis v. Aylott, 45 Texas, 196; Moffit v. Moffit, 67 Texas, 643; Brown v. Chancellor, 61 Texas, 438; Ellis v. Bates, 26 Texas, 703; Scoley v. Sweatt, 28 Texas, 727; Grace v. Wade, 45 Texas, 530.

2. Appellee's petition showed that the present officers of the corporation executed the deed of trust; that the deed of trust was not only ultra vires, but the transaction was contrary to public policy, and therefore null and void. That the deed of trust not only involved the loss of all the property of the corporation, but its execution was an act for which the State could forfeit the charter. That appellee had demanded of all the officers of the corporation that they take the necessary steps to restrain the foreclosure, but that they refused; appellee as a stockholder had, therefore, the right to maintain this action, and he was not estopped from so doing. The court, therefore, did not err in its fourth conclusion of law. Taylor on Corp., sec. 683, et seq.; 3 Pom. Eq. Jur., secs. 1093–1095; Field on Corp., secs. 142–171; Beach on Corp., sec. 364; 3 Beach on Priv. Corp., sec. 421; Mora. on Corp., secs. 51, 54, 196, 197, 209, 210, 239, 240, 242, 243, 245, 251, 386; Boone on Corp., sec. 150; Dodge v. Woolsey, 18 How., 331; Zabriskie v. Railway, 23 Howe, 381, Evans v. Brandon, 53 Texas, 57; Cates v. Sparkman, 73 Texas, 619; Becker v. Street Railway, 80 Texas, 487; High on Injunc., 3 ed., secs. 1203, 1204, 1227; Sayles' Civ. Stats., art. 4098i; Railway v. The State, 75 Texas, 434; Miller v. Ins. Co., 21 S. W. Rep., 40, and authorities; Railway v. Morris, 67 Texas, 592; Russell v. Railway, 68 Texas, 646; Transportation Co. v. Palace Car Co., 139 U. S., 24; Thomas v. Railway, 101 U. S.

COLLARD, ASSOCIATE JUSTICE.—This is an injunction suit brought by appellee, a stockholder of a corporation—the Taylor Electric Light, Gas, and Power Company—organized under the general laws of the State. The suit is brought to restrain and enjoin a sale of the franchise and properties of the company by the trustee under a deed of trust formally executed by the corporation, pursuant to resolutions passed by the board of directors, to secure the payment of a debt of $7000 due by the company to the Taylor National Bank, evidenced by note. It is alleged in the petition for injunction, that the company

had a contract with the city of Taylor to furnish lights for the city and the inhabitants thereof, the city having, by ordinance, granted the company all the rights necessary to carry out the contract, and the petition claims that the corporation, the Taylor Electric Light, Gas and Power Company, had no power to mortgage its properties and franchise and authorize the sale of the same to secure the debt, because they were necessary to the company in order to enable it to carry out and perform its duty of furnishing lights to the city and the public, and that the sale of the property would deprive the company of the power to perform its duties to the public. A copy of the deed of trust is attached as an exhibit to the petition and made a part of the same. The injunction was issued upon the fiat of the district judge. The bank filed a sworn answer and general and special exceptions. The trustee, Pumphrey, filed general and special demurrers, general denial, and adopted the special answer filed by the bank. The Taylor Electric Light, Gas and Power Company filed similar answers, as did certain of the directors made parties defendant.

On hearing, the court below overruled the demurrers filed by defendants, upon the ground that the corporation, the Taylor Electric Light, Gas, and Power Company, had no power to mortgage its properties and franchise as was done, and that the mortgage and deed of trust could not be enforced. The injunction was perpetuated. Defendants have appealed and assigned errors, the first of which is, that the court below should have sustained the demurrers to the petition, dissolved the injunction, and dismissed the case.

*Opinion.*—This assignment, in our opinion, must be sustained. The petition shows no equity. It is based solely upon an erroneous principle, that a corporation under the general laws of the State organized, and under contract with a city to furnish light to the city and its inhabitants, has no power to mortgage its property necessary to the performance of its duty to the public, and that in so far as the deed of trust undertook to do this it was void. The trial judge adopted this view of the question, and perpetuated the injunction upon that ground. He assumed and based his judgment upon the idea that the company was a quasi-public corporation, owing duties to the public, and that it could not mortgage such of its property as would interfere with the performance of that duty, unless authorized by the Legislature to do so—holding, that the Legislature had not granted such power to the company.

The statute of this State divides corporations into two classes, public and private (Revised Statutes, article 562), and defines a public corporation as "one that has for its object the government of a portion of the State" (Id., article 563), and private corporations as "religious," "corporations for charity or benevolence," and "corporations for profit." Id., art. 564. In enumerating the purposes for which private corporations may be formed, among many, the statute names,

"the supply of gas or the supply of light or heat to the public by any means." Rev. Stats., art. 566, sec. 13. The corporation sued in this case, then, is classed by the statute as a private corporation. It is immaterial, however, whether the defendant company is or is not strictly a private corporation. It is so designed by the statute, and we must look to the statute for the powers of such corporation. The statute provides that, "Every private corporation as such has power. * * * (4) to hold, purchase, sell, mortgage, or otherwise convey such real and personal estate as the purposes of the corporation shall require, and also to take, hold, and convey such other property, real, personal, or mixed, as shall be requisite for such corporation to acquire in order to obtain or secure the payment of any indebtedness or liability due or belonging to the corporation." Rev. Stats., art. 575. It is also provided, that "corporations shall have power to borrow money on the credit of the corporation, not to exceed its authorized capital stock, and may execute bonds or promissory notes therefor, and may pledge the property and income of the corporation." Rev. Stats., art. 577.

The language of the statute is plain, and interprets itself. It certainly and unequivocally grants to corporations created thereunder the power to borrow money and mortgage their property and income to the value of its capital stock. We are not concerned about what the powers of a corporation of a quasi-public character may be at common law. The Taylor Electric Light, Gas, and Power Company is given by the statute full power to mortgage all its property and income to pay the debt it contracted to pay the Taylor National Bank. Such power is not to be implied; it is expressly granted by the Legislature, and we need not extend the inquiry any further.

In the case of Railway v. Morris, 67 Texas, 699, the court uses the following language: . "It is well settled that corporations organized for public purposes can not, by contract of sale, lease, or otherwise, render themselves incapable of performing their duties to the public, or in any way absolve themselves from the obligation which forms the main consideration for giving them a corporate existence, unless this be done by consent of the State, given through the charter, or in some other manner. Hence, any contract through which such a corporation seeks to accomplish such a result is void, unless it has legislative sanction." The question before the court in the above case was the power of one railroad to purchase another, and the language of the court was applicable to the case. There is no statute authorizing such a sale, and consequently no legislative sanction for it. The court, further discussing the question, say: "Both corporations were chartered under the general law regulating the incorporation of such companies, in so far as any question involved is concerned. Whatever powers that law authorizes to be conferred upon them, through their charters, they had, and they had no more and no less; this, of course, carrying such incidental powers, not enumerated, as were necessary to enable

them to exercise the powers expressly granted.   No part of the general law authorizes one railroad company to buy the railroad of another, nor does it authorize a railroad company to sell its road to another company or to any person.   The law authorizes railroad companies to borrow money to construct, complete, improve or operate their roads, and to give mortgages therefor.   Rev. Stats., art. 4219.   These mortgages may be foreclosed through the courts, or sales may be made under powers contained in such mortgages, and title to the property will pass.   They may become indebted, in the course of their business, and their property, including franchise, subjected to sale under judicial process to pay such indebtedness.   But in such cases the corporation continues, and the purchasers become in effect new stockholders, the corporation property so purchased, however, being relieved from liability for debts not creating a prior incumbrance on the property sold.   These are the means through which the laws of this State authorize the sales of railroads.''

The statute referred to in the foregoing by the Supreme Court authorizes a railroad corporation to mortgage its corporate property and franchise to secure the payment of any debt contracted for the purpose of constructing, completing, improving, or operating its railway.   No more power to mortgage is granted a railroad corporation than is by the general statute to other corporations, except that the former may pledge its franchise.   The language quoted above will apply to the case at bar, as the statutes considered are similar, with the exception stated as to the franchise.   Undoubtedly the deed of trust given by the defendant company can be executed by the trustee named therein, or by the substitute provided for therein.   The purchaser at the sale will become the owner of all the property, which will include the right to operate it under direction of corporate organization.   It seems to us that the rational result of a legal sale of the corpus of the property incidentally conveys the franchise, as there could be no practical enjoyment of the properties of the company without the right to use them.   The deed of trust authorizes the sale of all the property and the franchise; the personnel of corporations is of no consequence.   The owners by sale of the plant and the franchise would not be more disposed to suffer a forfeiture of the corporate powers than the original incorporators.   There is no special trust to incorporators under the general laws of this State.   One set of men can become such incorporators as well as another by complying with the statute creating such corporations.   There is no force in the argument that the public might suffer by a change of ownership of the franchise.

In Shipley v. Railway, 55 Maine, 407, the Supreme Court of Maine, discussing this subject and replying to the assumption that the rights of the public would be endangered by a sale of the franchise, say: ''But when we consider how little importance is attached to the persons of the original corporators, how soon death must, and other circumstances may, remove them from all participation in the affairs of

the road, how constantly those who have the active management of it are in fact being changed, we shall see how little practical merit this argument has. At the beginning the corporators undoubtedly have a controlling influence, but afterwards the directors are elected by the stockholders, and are often changed. Is there any reason to suppose that if a mortgage should by foreclosure transfer the franchise to new hands, that as capable men would not be appointed to manage the road as before?"

In Eldridge v. Smith, 34 Vermont, 484–490, it is said: "When a railroad company mortgages its road and appurtenances as a security for debt, and also its franchise, it is not to be understood as conveying its corporate existence or its general corporate powers, but only the franchise necessary to make the conveyance productive and beneficial to the grantees to maintain and support, manage and operate the railroad, and receive the tolls and profits thereof for their own benefit."

See also Pierce v. Railway, 24 Wis., 551; Railway v. Railway, 13 Allen, 422.

It is held in Kentucky, that the grant of power to mortgage the franchise includes the power to pledge the property necessary to the enjoyment of the franchise. Phillips v. Winslow, 18 B. Mon. (Ky.), 431–445. The same reason would make the converse of the doctrine true. All the property rights of a corporation would be practically valueless without the franchise, or such of it as would be necessary to make the property useful to the purchasers.

The right of eminent domain, it might be, would not pass, because not necessary to the operation and use of the company's property mortgaged. The right of eminent domain is the principal reason assigned by courts holding that legislative consent is required to mortgage the franchise of a railroad. That reason does not exist in corporations like the one under consideration. The Taylor Electric Light, Gas, and Power Company has no right of eminent domain, and the same results will not follow the sale of its franchise under mortgage as would in case of sale of the franchise of a railroad. Eldridge v. Smith, supra; Myer v. Johnson, 53 Ala., 326; Railway v. Railroad Commissioners, 112 U. S., 609, et seq.; Coe v. Railway, 10 Ohio St., 372; 2 Mora. on Priv. Corp., sec. 1120. A corporation of the kind before us is not under the same obligations and duties to the State and the public that are imposed upon railroads, and hence there is not the same reason for legislative consent to its acts. 2 Beach on Priv. Corp., sec. 389.

In conclusion, we think that the grant of power to the Taylor Electric Light, Gas, and Power Company to mortgage all its properties constituting its visible and tangible existence, conferred the power to mortgage all rights of the corporation necessary to use the property under the franchise, and clothed the purchaser under the mortgage with just such powers to use the property as the company had under its franchise; otherwise, the purchaser would acquire a property that

could not be used—a property deprived of the principal source of its value. A bare technicality should not be allowed to so interfere with a right—a right material to the mortgagor and the mortgagee. If the property is practically useless because it can not, for technical reasons, be used, its mortgageable value is depreciated to nothing, and the power to mortgage the property granted by the statute has no value; it confers no valuable right to the mortgagor or the mortgagee. The statute in such case is destroyed in its application, and confers no real benefit on mortgagor, mortgagee, or purchaser. If all the property of the corporation—its plant, dynamos, poles, wires, and machinery necessary for furnishing light—can be sold and can not be used under the franchise, then indeed the sale of the property under the mortgage would result in destroying the corporation and depriving the inhabitants of Taylor of the benefits secured to them. The franchise would be in one party and the property in another, and neither could be used, and the very result would follow that the law seeks to prevent. We think the execution of the deed of trust enjoined in this case was authorized under our statutes, and that the mortgage of the franchises of the company necessary to the use of the property mortgaged was not ultra vires. We therefore conclude, that the deed of trust was valid and enforcible according to its terms, empowering the trustee to sell the properties of the company as described, and the franchises essential and necessary to the operation of the property. The demurrer of defendants should have been sustained.

The judgment of the lower court is reversed, and judgment here rendered dissolving the injunction granted by the court below, and dismissing the cause.

*Reversed and rendered.*

Delivered December 5, 1894.