DILLARD v. A. G. McADAMS LUMBER CO.

(Court of Civil Appeals of Texas. Amarillo. Dec. 9, 1911.)[1]

1. CORPORATIONS (§ 29*)—VALIDITY OF INCORPORATION—COLLATERAL ATTACK.

The validity of its incorporation cannot be attacked collaterally in a suit by the corporation on a note, but can be attacked only by the state in a direct proceeding.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 77–79; Dec. Dig. § 29.*]

2. CORPORATIONS (§ 462*)—POWERS—TAKING NOTES.

In every expressed grant of power to a corporation, there is implied a power to do whatever is necessary or reasonably appropriate to the exercise of such express authority, and a trading corporation expressly authorized to buy and sell merchandise has the right to sell a bill of lumber and take the purchaser's note in payment therefor.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1816–1819; Dec. Dig. § 462.*]

3. CORPORATIONS (§ 513*)—ACTIONS ON NOTE —PLEADING.

A petition, in an action by a corporation on a note, which contains no averments tending to show its ownership of the note sued upon, or its right to sue, and no facts showing defendant's liability to the plaintiff, is bad on general demurrer.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 513.*]

---

[1] Filed in the Court of Civil Appeals at Ft. Worth March 13, 1911, and transferred to this court by order of the Supreme Court July 1, 1911.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

Appeal from District Court, Lubbock County; L. S. Kinder, Judge.

Action by A. G. McAdams Lumber Company against J. J. Dillard and another. Judgment for plaintiff, and defendant Dillard appeals. Reversed and remanded.

R. J. Dillard and J. H. Moore, for appellant. W. D. Benson, for appellee.

HALL, J. Appellee filed this suit in the district court of Lubbock county against J. J. Dillard and W. B. Powell to recover on a certain promissory note, executed by Dillard in favor of Powell, indorsed in blank by Powell, and to foreclose a vendor's lien upon certain real estate situated in the town of Lubbock. Judgment was rendered in favor of appellee for the amount of the note, principal, interest, and attorney's fees, together with costs of suit, and foreclosing the vendor's lien on the property described in the petition. Judgment was entered, releasing W. B. Powell as indorser, by reason of unauthorized extension of the note.

[1] Appellant, Dillard, in his first assignment of error, attacks the validity of appellee's incorporation. The charter complies with every requirement of the statute, and especially subdivision 3, art. 643, Sayles' Civil Statutes. The validity of the existence of a corporation cannot be attacked collaterally in this way, and can be attacked only by the state in a direct proceeding. Parks v. West, 102 Tex. 11, 111 S. W. 726; Id. (Sup.) 113 S. W. 529; Brennan v. City of Weatherford, 53 Tex. 330, 37 Am. Rep. 758.

[2] The third assignment of error is as follows: "The court erred in overruling and in not sustaining the defendant's special answer that the transaction of the plaintiff with the defendant Powell was illegal and ultra vires, and one in which the defendant Dillard was in no wise connected, and without the powers conferred by its charter." Appellant's proposition under this assignment is in effect that the purchase of the vendor's lien note sued upon was ultra vires. The testimony shows that the payee in the note (Powell) purchased lumber from appellee, and that appellee took the note in payment of the bill. In every expressed grant of power to a corporation, there is implied a power to do whatever is necessary or reasonably appropriate to the exercise of the authority expressly conferred; and we think appellee, being a trading corporation, and expressly authorized to buy and sell merchandise, had the right to sell the bill of lumber and take the note, in lieu of the money, in payment therefor. North Side Lumber Co. v. Worthington, 88 Tex. 562, 30 S. W. 1055, 53 Am. St. Rep. 778; Thomas Hardware Company v. Perry, etc., Mnfg. Co., 86 Tex. 143, 24 S. W. 16, 22 L. R. A. 802; Pumphrey v. Threadgill, 9 Tex. Civ. App. 184, 28 S. W. 450.

What we have heretofore said in disposing of the first and third assignments also disposes of the questions raised in the fourth assignment. Appellant's fifth assignment is without merit.

[3] The second assignment complains of the error of the court in overruling the defendant's (Dillard's) exception to the plaintiff's petition. We think this assignment is well taken, and must be sustained. The petition contains no averment that tends to show appellee's ownership of the note sued upon or its right to sue, and alleges no facts showing appellant's liability to appellee. These allegations are necessary, and a want of them in the pleading renders it subject to a general demurrer. Unger v. Anderson, 37 Tex. 550; Jennings v. Moss, 4 Tex. 452; Gray v. Osborne, 24 Tex. 157, 76 Am. Dec. 99; Thigpen v. Mundine, 24 Tex. 282; Belcher v. Wilson, 31 Tex. 139; Colbertson v. Beeson, 30 Tex. 76; Gilder v. McIntyre, 29 Tex. 89; Malone v. Craig, 22 Tex. 609.

On account of the error of the court in not sustaining appellant's exception to appellee's petition, the judgment is reversed, and the cause remanded.