JOHN THREADGILL V. R. B. PUMPHREY ET AL.               | 87  573
                                                          | 88  603
                          No. 576.

Private Corporation, Although Engaged in Quasi-Public Business, May
    Mortgage Its Property.
Under articles 575 and 577 of the Revised Statutes, all corporations organized
    under the provisions of the general incorporation law are empowered to
    mortgage their property.   We see no sufficient reason for holding that it
    was intended that such as should be created for a public purpose, such as
    for furnishing lights to a city, should be exempted from the operation of
    the general law.   A sale under such mortgage will pass title to pur-
    chasers. .......................................................... 578

APPLICATION for writ of error to Court of Civil Appeals for Third
District, in an appeal from Williamson County.

This was a suit for injunction brought by Threadgill against R. B.
Pumphrey, J. B. Pumphrey, the Taylor National Bank, the Taylor
Electric Light and Power Company, a private corporation, and the
directors of said corporation.

The purpose of the suit was to enjoin the sale of the property and
franchise of said corporation by R. B. Pumphrey, a substitute trustee,
under a deed of trust duly executed by the officers to secure its prom-
issory note for $7000, executed to the Taylor National Bank for bor-
rowed money.    Threadgill was a stockholder in the corporation.

The injunction was perpetuated in the District Court, on the ground
that the said corporation was organized for quasi-public purposes; that
it had no power without legislative permission to dispose of its fran-
chise or property which it is necessary for it to own in order to dis-
charge its public duties, which it assumed in its incorporation; the
general statutes authorizing corporations to borrow money and mort-
gage property do not apply to such corporations; the execution of the
trust deed was ultra vires and against public policy.

On appeal, the judgment below was reversed and the petition dis-
missed.

On application for writ of error, complaint is made as follows:

"1. The court erred in holding that the Taylor Electric, Gas, and
Power Company had authority to execute the deed of trust in question,
and in reversing the judgment of the lower court, dissolving the in-
junction, and dismissing the cause; because while the Taylor Electric,
Gas, and Power Company was a private corporation, it was charged
with the performance of public duties, that is, furnishing the city of
Taylor and its inhabitants with light; and the company had no author-
ity by mortgage or sale to dispose of the franchises and property nec-
essary to enable it to discharge said public duty.

"2. The court erred in holding that articles 575 and 577 of the Re-
vised Statutes expressly authorized said corporation to execute the

deed of trust in controversy, because said articles were only intended by the Legislature to enable corporations which were not charged with the performance of public duties to convey their entire property, and were not intended to empower corporations charged with the performance of public duties, by sale or mortgage of its property which was being actually applied to a public use, to disable itself from carrying out and performing its public duties.

"3. The court erred in holding that the statutes authorized the execution of the mortgage or trust deed in controversy, and that by reason thereof it had the right, without express legislative sanction, to dispose of the franchises, because said franchises were necessary to the beneficial use of the property conveyed. This is erroneous, because the franchise is a right conferred by the Legislature to a corporation, and the right can not be transferred to others without the consent of the Legislature."

*R. H. Ward* and *W. F. Robertson*, for application.—1. Appellant, the Taylor Electric Light, Gas, and Power Company, was incorporated for the purpose of supplying light, heat, and power to the city of Taylor and the inhabitants thereof, and for the purpose of establishing electric light works, or gas works, therein. It was therefore a quasi-public corporation, charged with the performance of public duties; and as the deed of trust when foreclosed would have disabled appellant from discharging its public duties, such deed of trust was not only an act ultra vires, but it was against public policy and void. The court below, therefore, did not err in perpetuating the injunction restraining the foreclosure of said deed of trust.

A gas or light company is a quasi-public corporation. Rev. Stats., art. 566, subdiv. 13; 2 Mora. on Corp., sec. 1129; Gas Light Co. v. Gas, Fuel and Light Co., 35 Am. St. Rep., 385, and notes; Munn v. Illinois, 4 Otto, 113; Gas Light Co. v. Light, etc., Co., 115 U. S., 650; Gas Co. v. Gas Light Co., 115 U. S., 683; Waterworks Co. v. Rivers, 115 U. S., 674; Waterworks v. Schottler, 110 U. S., 347; 8 Am. and Eng. Encyc. of Law, 587, 599, 614; Gibbs v. Gas Co., 130 U. S., 396; Foster v. Fowler, 60 Pa. St., 27.

Upon the main proposition: 1 Waterm. on Corp., p. 588, sec. 159; 4 Am. and Eng. Encyc. of Law, 237, 238, and notes; 2 Beach on Corp., secs. 388, 389; 1 Beach on Corp., secs. 360, 361, 362; Taylor on Corp., secs. 125, 304–306, 130–132; Pierce on Rys., p. 496; Freem. on Ex., secs. 179, 126, 126a; Jones on Mort., sec. 124; Jones on Corp. Bonds and Mort., secs. 2, 3, and note 3; 2 Mora. on Corp., sec. 1125, and note; Gas Light Co. v. Gas, Fuel, and Light Co., 35 Am. St. Rep., 385; Barnes v. City of Palestine, 50 Texas, 538; Russell v. Railway, 68 Texas, 653; Railway v. Morris, 67 Texas, 699; Gas Light Co. v. Gas

Light Co., 2 Am. St. Rep., 124; Fitisman v. Hoy, 3 Am. St. Rep., 494; Richardson v. Sibley, 87 Am. Dec., 700; Commonwealth v. Smith, 87 Am. Dec., 674 (these two last cases hold that where the power to sell does not exist the power to mortgage does not, because a mortgage may result in a sale); Thomas v. Railway, 11 Otto, 71; Gibbs v. Gas Co., 130 U. S., 396; Black v. Canal Co., 22 N. J. Eq., 399; Water Co. v. Hamilton, 81 Ky., 517; Gas Light Co. v. City of Covington, 84 Ky., 94; Canal Co. v. Bonham, 9 Watts & S. (Pa.), 27; Roper et al. v. McWhorter et al., 77 Va., 214; Gue v. Canal Co., 24 How., 257.

Upon the proposition that a general statute giving a quasi-public corporation power to mortgage its property does not grant the power to mortgage property essential to it to enable it to discharge its public duties, see the following: Rev. Stats., art. 577; Coe v. Railway, 75 Am. Dec., 518; Transportation Co. v. Palace Car Co., 139 U. S., 24; Railway and Navigation Co. v. Railway Co., 130 U. S., 2; Jones on Corp. Bonds and Mort., secs. 11, 140; Gooch v. McGee, 83 N. C.; Mayer et al. v. Root, 8 Md., 103; Branch v. Jussup, 16 Otto, 468.

See the following cases for instances where broad general statutes have been given a restrictive and limited effect: Lewis v. Aylott, 45 Texas, 196; Moffett v. Moffett, 67 Texas, 643; Brown v. Chancellor, 61 Texas, 438; Ellis v. Batts, 26 Texas, 703; Scobey v. Sweatt, 28 Texas, 727; Grace v. Wade, 45 Texas, 530.

2. Appellee's petition showed that the present officers of the corporation executed the deed of trust; that the deed of trust was not only ultra vires, but the transaction was contrary to public policy, and therefore null and void; that the deed of trust not only involved the loss of all the property of the corporation, but its execution was an act for which the State could forfeit the charter; that appellee had demanded of all the officers of the corporation that they take the necessary steps to restrain the foreclosure, but that they refused; appellee as a stockholder had therefore the right to maintain this action, and he was not estopped from so doing. The court, therefore, did not err in its fourth conclusion of law. Taylor on Corp., sec. 683, et seq.; 3 Pom. Eq. Jur., secs. 1093–1095; Field on Corp., secs. 142–171; Beach on Corp., sec. 364; 2 Beach on Priv. Corp., sec. 421; Mora. on Corp., secs. 51, 54, 196, 197, 209, 210, 239, 240, 242, 243, 245, 251, 386; Boone on Corp., sec. 150; Dodge v. Woolsey, 18 How., 331; Zabriskie v. Railway, 23 How., 381; Evans v. Brandon, 53 Texas, 57; Cates v. Sparkman, 73 Texas, 619; Becker v. Street Railway, 80 Texas, 487; High on Injunc., 3 ed., secs. 1203, 1204, 1227; Sayles' Civ. Stats., art. 4098i; Railway v. State, 75 Texas, 434; Miller v. Ins. Co., 21 S. W. Rep., 40, and authorities cited; Railway v. Morris, 67 Texas, 592; Russell v. Railway, 68 Texas, 646; Transportation Co. v. Palace Car Co., 139 U. S., 24; Thomas v. Railway, 101 U. S.

*John W. Parker*, for defendant in error.—1. A private corporation created under the general law has the power to borrow money and to mortgage its property and income to secure the payment of the same, including that necessary to be owned in order to execute its franchise; and plaintiff, alleging that the note and deed of trust were executed by C. Mendel, as president of the Taylor Electric Light, Gas, and Power Company, in the name of that company in favor of the Taylor National Bank, pursuant to a resolution passed by the board of directors of said company on May 8, 1893, for money borrowed by the said company from the said bank, showed by his own allegations that the said note and deed of trust were legal and valid obligations of the said Taylor Electric Light, Gas, and Power Company, and the court should have sustained defendants' general demurrers and dismissed the suit. Hardware Co. v. Manufacturing Co., 86 Texas, 151, 152; 1 Mora. on Corp., sec. 346; 2 Beach on Corp., secs. 388, 739, 748; 4 Am. and Eng. Encyc. of Law; Evans v. Heat Co., 31 N. E. Rep., 698; Detroit v. Gas Light Co., 43 Mich., 599–603; Hays v. Light Co., 29 Ohio St., 330, 337, 340; Gordon v. Preston, 1 Watts (Pa.), 386; Watts' Appeal, 78 Pa. St., 392, 394; Agr. and Hort. Society v. Paddock, 80 Ill., 264, 265; West v. Agr. Board, 82 Ill., 206, 207; Susquehanna B. v. B. Co., 3 Md., 311; Richards v. Railway, 44 N. H., 135; Thompson v. Lambert, 44 Iowa, 244.

2. There are but two kinds of corporations known to our law, namely, public and private, and the Taylor Electric Light, Gas, and Power Company is by express statutory enactment made to belong to the latter class, and has power without legislative permission to dispose of its property. Sayles' Civ. Stats., arts. 562–566, subdiv. 13.

3. However, conceding that an electric light corporation formed under our law is a quasi-public corporation and without authority to dispose of its property in the absence of legislative consent, our statutes expressly authorize such corporations to borrow money and to mortgage their property, and this power includes the authority to mortgage property necessary to be owned by such corporations in order to discharge their duties to the public.

4. The plea of ultra vires can not be set up by a corporation as a defense against the enforcement of a contract, which is not tainted with fraud nor prohibited by statute, so long as it is in the possession and enjoyment of benefits resulting from the performance of the contract by the adversary party; and it appearing from the plaintiff's petition that the Taylor Electric Light, Gas, and Power Company received of the Taylor National Bank the sum of $7000, on the faith of the deed of trust, and it not being pretended that the contract was tainted with fraud or that it was prohibited by statute, the court should have held the defense of ultra vires against the deed of trust inequitable, so long as the money it was given to secure remained unpaid. Bond v. Manu-

facturing Co., 82 Texas, 312–314; Head v. B. & L. Association, 25 S. W. Rep., 810, 811; 2 Kent, 11 ed., 381; Bradley v. Ballard, 55 Ill., 417–419; Gas Co. v. West, 50 Iowa, 25; Thompson v. Lambert, 44 Iowa, 248; De Graff v. Thread Co., 21 N. Y., 127, 128; Argenti v. City of San Francisco, 16 Cal., 265; Nav. Co. v. Weed, 17 Barb., 378; Hays v. Gas Light and Coal Co., 29 Ohio St., 340; Arms Co. v. Barlow, 63 N. Y., 62; Aurora Agr. and Hort. Society v. Paddock, 80 Ill., 266, 267.

The following authorities, omitting therefrom those mentioned above, are given in a note by the compilers of volume 35 of L. C. P. Co.'s Supreme Court Reports, pp. 56, 57: Hurd v. Green, 17 Hun, 327; Herzo v. San Francisco, 33 Cal., 314; Ditch Co. v. Zellerbach, 37 Cal., 543; Foulke v. Railway, 51 Cal., 365; Bissell v. Railway, 22 N. Y., 258, 262; Bank v. Rogers, 125 Mass., 339; Perkins v. Railway, 47 Me., 573; Natchez v. Mallery, 54 Miss., 499; Board of Agriculture v. Street Railway, 47 Ind., 407; Hitchcock v. Galveston, 96 U. S., 341 (24: 659); Downing v. Road Co., 40 N. H., 230; Manufacturing Co. v. Canney, 54 N. H., 295; Converse v. Transportation Co., 33 Conn., 166; Boyce v. M. E. Church, 46 Md., 359; Ins. Co. v. Bledsoe, 52 Ala., 538; Ex Parte Williamson, L. R., 5 Ch. App., 309; Bank v. Pierson, 24 Minn., 141; Thomp. Nat. Bank Cases, 637; Arms Co. v. Barlow, 63 N. Y., 62; Buffett v. Railway, 40 N. Y., 168; Baptist Church v. Baptist Church, 73 N. Y., 82; Darst v. Gale, 83 Ill., 136; Gold Min. Co. v. Bank, 2 Colo., 256; 96 U. S., 640 (24: 648); Whinney v. Bank, 50 Vt., 388; Railway v. McCarthy, 96 U. S., 258 (24: 693); Bank v. Matthews, 98 U. S., 621 (25: 188); Stewart v. Bank, 2 Abb., U. S., 424; Grant v. Coal Co., 80 Pa. St., 208; Railway v. Transportation Co., 83 Pa. St., 160; Zottman v. San Francisco, 20 Cal., 96; Hague v. Philadelphia, 48 Pa. St., 527; Petroleum Co. v. Weare, 27 Ohio St., 343; Nicholson v. Bradfield Union, L. R., 1 Q. B., 620; Clark v. Cuckfield Union, 11 Eng. L. & Eq., 442; Hooker v. Bank, 30 N. Y., 83; Sanders v. St. Neot's Union, 8 Q. B., 810.

And the author, in the note in which are cited these cases, uses them as authority for the proposition made by counsel, stating it in the following language: "Where contracts, made by or with corporations, are not tainted by fraud or expressly prohibited by statute, and have been fully or even partially executed, so that it would be unjust to allow a repudiation thereof by either party, the defense of ultra vires will not be sustained by the courts. The defense should not as a general rule prevail, whether interposed for or against a corporation, when it would not advance justice, but on the contrary work a legal wrong."

GAINES, Chief Justice.—We are of opinion, that the motion for a rehearing of the application in this case should not be granted. But in overruling it we take occasion to say, that our conclusion is based

not upon the principle that the purpose for which the corporation was organized is not quasi-public, and one for which the Legislature would not have the right to condemn property—a proposition upon which we need give no opinion—but upon the ground that articles 575 and 577 of the Revised Statutes authorized the corporation to mortgage all its property—including its property franchises, or easements. The articles cited in terms empower all corporations organized under the provisions of that title of the Revised Statutes to mortgage their property, and whatever may have been decided in other States with reference to similar statutes, we see no sufficient reason for holding, that it was intended that such as should be created for a public purpose—as for furnishing lights to a city, and the like—should be excepted from the operation of the general law. There is no personal trust involved in the grant of corporate powers under a general law of incorporation which authorizes all citizens of the State to create a corporation for any one of certain specified objects, by simply filing articles of incorporation with the Secretary of State; and we do not see why the public interests may not be as well subserved by the purchasers of the property of such a corporation as by the corporation itself, when it becomes confessedly unable or unwilling to pay its debts.

The motion for a rehearing is overruled.

*Motion refused.*

Delivered March 4, 1895.