BURROWS *v.* OZARK WHITE LIME COMPANY.

Opinion delivered April 15, 1907.

MASTER AND SERVANT—NEGLIGENCE—DIRECTING VERDICT.—Where the evi-
dence, in a suit against a master for personal injuries caused by a
vice principal's negligence, was sufficient to justify the jury in
finding that plaintiff, by reason of his youth and inexperience, was
unaware of the danger of the work in which he was engaged, and
that defendant, though its vice principal, was negligent in failing to
warn plaintiff, it was error to direct a verdict for the defendant.

Appeal from Benton Circuit Court; *J. S. Maples,* Judge: reversed.

*J. A. Rice* and *C. M. Rice,* for appellant.

1. There was no contributory negligence on the part of appellant; nor did he assume the risk. He was young and inexperienced, and it was the master's duty to give due information and timely warning before calling on an employee to incur the risk. 69 Fed. Rep. 814; 4 L. R. An. 850-6; 48 Ark. 333; 53 *Id.* 128; 54 L. R. A. 165, 167; 152 Mass. 160; 58 N. E. 451; 76 Tex. 102; 120 Mass. 427; 118 N. Y. 489; 96 S. W. 438, 532-3; 48 Ark. 347; 56 *Id.* 206, 232; 39 Ark. 526; 120 N. Y. 526; 13 S. W. 801; 77 Ark. 368. Appellant made out a *prima facie* case, and it should have gone to the jury.

2. The fact that in an employee's judgment an act is unsafe does not, as a matter of law, render him guilty of negligence in performing it if the employer assures him that there is no danger. 167 Mass. 69; 57 Minn. 43; 58 N. W. 868; 56 Fed. Rep. 984; 58 Mo. 68.

3. A foreman of a gang with power to employ and discharge, etc., is a vice-principal. 30 W. Va. 798; 4 U. S. App. 49; 48 Fed. Rep. 62; 60 Minn. 426; 57 L. R. A. 147; 86 Tenn. 335; 109 Mo. 350; 84 S. W. 104-5. There is no negligence when safety is assured by a vice-principal. 48 L. R. A. 542; 48 Ark. 106; 61 *Id.* 341; 93 S. W. 961, etc.

4. The law discriminates between children and adults, the feeble and strong, and only requires of each the exercise of that degree of care to be reasonably expected in view of age and condition. 38 U. S. (L. Ed.), 434; 56 Ark. 238. It was error to instruct the jury to find for the defendant.

*McGill & Lindsey, E. S. McDaniel* and *Walker & Walker,* for appellee.

1. Appellant and Lormor were fellow servants, and the risks were assumed by appellant. This must be determined by the common-law rule, as our statute only applies to railroads. Kirby's Digest, § § 6658-9. Beach, Cont. Neg. (3 Ed.), 473; Thompson, Neg. p. 1026; 2 Am. & Eng. R. Cases, 94; 76 Me. 143; McKinney on Fellow-servants, p. 25-6; 60 Pac. 519; 87

N. W. 461; 26 N. E. 905, etc.; White on Personal Injuries in
Mines, § 289.

2. If a minor possesses sufficient intelligence to advise
him of the dangers and perils he is about to encounter, the law
makes no distinction between him and an adult as to the duties
owing to him. If the risk is an obvious one, and the minor ap-
preciates the fact, the master is held to no greater degree of
care in respect to his safety than to an adult. 79 Fed. Rep. 901;
105 N. Y. 26; 140 *Id.* 450; 88 Pa. St. 35; 34 N. E. 134; 21 Hun,
396; 113 N. Y. 540.

3. Where one unnecessarily exposes himself to danger and
is injured, he can not recover; the injury being one brought on
himself by his own negligence. 41 Ark. 542; Wharton on Negl.,
244; Sh. & Redf. Negl. (2 Ed.), §. § 240, 281; 45 Ark. 318; 46
*Id.* 388; 62 *Id.* 170; Beach, Cont. Negl. § 27.

4. A master is not liable for negligence of a vice-principal
while performing an act of labor in connection with the servant
unless his own negligence as master contributed with that of the
foreman as a laborer to produce the injury. Wood, Master
and Servant, § 438; 1 Shearman & Redf. on Neg. § 233; 81 N.
Y. 516; 54 Ark. 299; 39 *Id.* 39; 58 *Id.* 66; 58 *Id.* 217.

5. The undisputed evidence shows that appellant was duly
warned, although he already knew the danger. The case of
*Archer-Foster Const. Co.* v. *Vaughan,* 79 Ark. 20, does not apply.

McCulloch, J. The defendant is a corporation engaged
in operating a lime kiln, and employed the plaintiff, a youth
seventeen years of age, to work in its quarries. He was in-
jured by an explosion, and sues to recover damages for the in-
jury. He had been at work breaking rock with a hammer,
shoveling and wheeling dirt and rock, but at the time of the in-
jury he was striking a drill with a hammer, in order to drill a
hole in the rock to put in a charge of explosive for a blast. He
was temporarily called by the foreman to do that work. On the
day previous a charge of explosive had been placed in the hole
drilled for the purpose, but it had failed to explode, and the
charge was left in the hole. The plaintiff had been absent on
that day, and was not aware of this fact. The foreman, one
Lormor, set the drill in this hole and called the plaintiff to
strike the drill while the foreman held it. Plaintiff struck the

drill several times, and spoke to Lormor about the drill going down rapidly, and the latter replied that he was drilling in a hole where the charge had failed to explode the night before. Plaintiff asked him if it was not dangerous to drill in the hole, but Lormor said "No" and set the drill back in the hole and signalled plaintiff to strike. He did so, and at the second or third blow an explosion resulted, Lormor was killed, and plaintiff was seriously injured.

There was evidence tending to show that Lormor was foreman of the blasting department, or powder gang, as it is called, and had complete control of the men, with power to employ and discharge them.

The court instructed the jury to return a verdict in favor of the defendant, and the plaintiff appealed.

The evidence was sufficient to warrant a finding that Lormor was a vice-principal of the defendant, and not a fellow-servant of the plaintiff. *Ft. Smith Oil Co.* v. *Slover,* 58 Ark. 168; *Archer-Foster Construction Co.* v. *Vaughan,* 79 Ark. 20. The work of handling the drill may be said to have been the work of the servant and not of the master, and as to that Lormor and the plaintiff were fellow servants. But the duty of warning the plaintiff of dangers attending the work which he was temporarily called to do was that of the master and his vice-principal in charge of the work, and the master was responsible for any omission in this respect. *Ft. Smith Oil Co.* v. *Slover, supra; Railway Co.* v. *Torrey,* 58 Ark. 217; *King-Ryder Lumber Co.* v. *Cochran,* 71 Ark. 55.

In *Emma Cottonseed Oil Co.* v. *Hale,* 56 Ark. 237, the court said: "If, however, the servant, by reason of his youth and inexperience, is not aware of or does not appreciate the danger of the work he is employed to do or the place he is employed to occupy, he does not assume the risks of his employment until the master apprises him of the danger."

The evidence was sufficient, we think, to justify the jury in finding that the plaintiff, by reason of his youth, inexperience and lack of familiarity with the use of explosives, was unaware of the danger of drilling in a hole containing the explosive, and that the defendant was guilty of negligence, through its vice-principal, in failing to warn him of the danger. *Archer-Foster*

*Construction Co.* v. *Vaughan, supra.* It is true he knew, when he struck the blow which caused the explosion, that explosive material was in the hole beneath the drill, and in this respect only are the facts of the case different from the facts in *Archer-Foster Construction Co.* v. *Vaughan, supra;* but he struck at the direct command of the master, and upon his positive assurance that it was safe to do so. He states positively that when he obeyed the command to strike he did not know that it was dangerous to drill in the hole containing the explosive.

Learned counsel for appellee earnestly insist that the plaintiff was aware of the danger, and that the defendant owed him no duty to warn him of a danger of which he was already informed. We do not agree with them that it is undisputed that the plaintiff was aware of the danger. That was a question for the jury, and they might, upon the evidence adduced, have found either way. The plaintiff admitted that he had seen some blasting done and knew that it was dangerous to handle explosives; but it is perfectly reasonable to conclude from all he said that he was not fully advised as to how the explosive could be set off and the danger of drilling in a hole which contained it.

We think that the case should have been submitted to the jury upon proper instruction, and that the court erred in giving a peremptory instruction.

Reversed and remanded for a new trial.