**DOOL v. CITY OF WACO et al. (No. 6342.)**

(Court of Civil Appeals of Texas. Austin. April 27, 1921.)

Master and servant ⟨⟩286(40)—Negligence in warning of danger of using defective fuses in exploding dynamite held for jury.

In an action against a city for personal injuries received from the delayed explosion of a stick of dynamite in a sewer ditch being constructed by the city, where it appeared that defendant had failed to warn plaintiff against additional danger involved in the use of defective fuses, evidence *held* to require the submission of the question to the jury.

Appeal from District Court, McLennan County; Erwin J. Clark, Judge.

Action by J. O. Dool against the City of Waco and others. Judgment for defendants on a directed verdict, and plaintiff appeals. Reversed and remanded.

Alva Bryan, Geo. W. Barcus, and John Maxwell, all of Waco, for appellant.

Street, Willis & Coston, of Waco, for appellees.

KEY, C. J. This is a damage suit brought by appellant against appellee city of Waco for injuries alleged to have been received by the plaintiff on account of the delayed explosion of a stick of dynamite, in a sewer ditch which was being constructed by the city. After hearing the testimony, the trial court instructed a verdict for the defendant; and the plaintiff has appealed and assigns error against that instruction.

Counsel for appellee make the contention that the undisputed evidence shows that the plaintiff's injuries resulted proximately and solely from his own negligence, and therefore the city of Waco is not liable, although it is subject to the Employers' Liability Act (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz), and therefore cut off from pleading contributory negligence as a defense. In other words, the contention is that, notwithstanding the act referred to, if the defendant was guilty of negligence as charged by the plaintiff, on account of its failure to properly warn him, and on account of the use of a defective fuse, nevertheless, if the testimony given by the plaintiff shows, as contended by appellee's counsel, that the plaintiff was fully aware of all of the risks and danger in which he placed himself, and did so voluntarily, then the proximate cause of the injury was not the defendant's negligence, but the negligence of the plaintiff in pursuing the course he did.

The correctness of the proposition asserted may be conceded, but it does not apply to all the aspects of this case. Among other things, the plaintiff testified as follows:

"Prior to the time that I went to work using the dynamite out there on that ditch, I had never had any experience in handling dynamite. I reckon that the dynamite was about 6 inches under the ground, and there was about 18 inches of fuse on the outside. They was all about the same distance in the ground, and about the same length. I don't know why that one fuse would not light easily. I lighted three of them, and was trying to light the fourth one. I lit the three of them without any trouble, but when I got to the fourth one, I kept trying to light it three or four times, and it wouldn't catch easily, and these others had burned down 8 or 10 inches, and I got out, thinking that the fourth one wasn't on fire. I didn't know that it was on fire, but when I got back to the ditch it was on fire. In addition to these four fuses that I have been testifying about, there were about four others in that ditch—something like that. I did not know at that time that sometimes fuses would burn slow—that is, that some fuses would burn slow and others fast, and I didn't know that some fuses would light easy and others would light hard. Nobody didn't give me any warning at all with reference to fuses, only Mr. Rody told me that there wasn't no danger in it."

The witness Wm. Tisdale testified that he had had considerable experience in blasting with dynamite, and, among other things, testified as follows:

"If a fuse is defective, sometimes it won't light at all, and then again you can light one, and it will burn a piece and go out. Where a fuse is hard to light, it is caused generally from the powder in the defective fuse."

The testimony of the latter witness tended to show that some fuses were more difficult to light and burned more slowly than others, and the testimony of plaintiff tended to show that he was not aware of that fact, and that the defendant had failed to so inform him, or give him any warning against the additional danger involved in the use of such fuses. In other words, if the plaintiff had been given proper warning upon that subject, it may be that he would have waited longer before going back to the ditch, and thereby avoided injury. That question of fact the plaintiff had the right to have submitted to the jury, and therefore we hold that the trial court committed error in directing a verdict for the defendant; and on account of that error the judgment is reversed, and the cause remanded.

Reversed and remanded.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes