## CITY OF BELTON v. ELLIS. (No. 6572.)

(Court of Civil Appeals of Texas. Austin. April 26, 1923. Rehearing Denied May 23, 1923. Writ of Error Refused Oct. 10, 1923.)

1. Municipal corporations ⊜⟿851—City operating bathing pool liable for negligence.

Where a city was authorized to own, maintain, and operate a bathing pool and slide, and to charge fees for the use thereof, the bathing pool was a public utility, and the city was liable for negligence in the operation thereof in the same manner that an individual or private corporation would be under similar circumstances.

2. Municipal corporations ⊜⟿276—Bathing pool and slide held a "public utility," authorized.

A bathing pool and slide, owned and operated by a city, which charged fees for the

use thereof, was a "public utility" within Acts 33d Leg. (1913), c. 147 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1096a–1096i), authorizing the city to own, maintain, and operate a "public utility."

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Public Utility.]

**3. Damages ⟨key⟩132(13)·—$3,500 verdict for loss of thumb held not excessive.**

$3,500 verdict for loss of thumb jerked off when caught in opening in defendant's bathing slide, causing blood poisoning, and requiring confinement in hospital for nearly three weeks, *held* not excessive.

Appeal from District Court, Bell County; M. B. Blair, Judge.

Action by Osborne Ellis against the City of Belton. Judgment for plaintiff, and defendant appeals. Affirmed.

Tyler, Hubbard, Monteith & Dougherty, of Belton, for appellant.

### Findings of Fact.

JENKINS, J. The city of Belton operates under a special charter, which, among other things, grants it all the powers authorized by chapter 147, General Laws of the Thirty-Third Legislature, p. 307 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1096a–1096i), with reference to cities of more than 5,000 inhabitants. Among other things granted by this statute to cities is to "own, maintain and operate * * * any public service or utility."

The city of Belton owns and operates a bathing pool, which is supplied with water in connection with its waterworks system. It charges fees for bathing in this pool, and the same are paid into the waterworks fund. It erected a slide for the use of bathers. Appellee, in going down this slide, had his thumb caught in a V-shaped opening in the slide, and his thumb was jerked off.

The case was submitted to the jury on special issues, which found that the city was negligent in the manner of erecting the slide, and awarded appellee damages in the sum of $3,500.

### Opinion.

[1] If the city of Belton was authorized to own, maintain, and operate the bathing pool including the slide referred to in the findings of fact, charging fees for using the same, and said bathing pool was a public utility, the city is liable for negligence in the same manner that an individual or private corporation would be under similar circumstances. City of Navasota v. Pearce, 46 Tex. 531, 26 Am. Rep. 279; Fort Worth v. Crawford, 74 Tex. 407, 12 S. W. 52, 15 Am. St. Rep. 840; Galveston v. Posnainsky, 62 Tex. 127, 50 Am. Rep. 517; Lenzen v. New Braunfels, 13 Tex. Civ. App. 335, 35 S. W. 341.

[2] We hold that the facts in this case show that the bathing pool was a public utility, and that the city was authorized under its charter to operate the same. The doctrine that a city is not liable for the tortious acts of its officers, as announced in City of Galveston v. Brown, 28 Tex. Civ. App. 274, 67 S. W. 156; 28 Cyc. 1277, has no application to the instant case. The finding of the jury that the city was negligent, and that such negligence was the proximate cause of the injury to the appellee is sustained by the evidence.

[3] It is very difficult to determine in many cases when damages for physical suffering are excessive. The appellee in this case was confined to the hospital for nearly three weeks, suffering intense pain by reason of blood poisoning which ensued, and was necessarily disabled to perform the manual labor which he would have been able to perform but for the loss of his thumb. We are not able to say that the jury were influenced in any degree by passion or prejudice in assessing damages.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.