CITY OF WACO v. DOOL. (No. 6626.)*

(Court of Civil Appeals of Texas. Austin. June 21, 1923. Rehearing Denied Oct. 3, 1923.)

1. **Master and servant** ⬅278(20)—**Evidence held to sustain finding of negligence in failing to warn servant of danger.**

In an action for injuries to a city employé by the explosion of a blast in a sewer, evidence *held* to warrant the jury in finding that the city was negligent in failing to warn plaintiff of the particular danger in handling dynamite, which caused his injury and of which he was ignorant.

2. **Master and servant** ⬅154(1)—**Servant's general knowledge of danger does not excuse failure to warn of particular danger in use of dynamite.**

The fact that a servant injured by an explosion of dynamite had the general knowledge, which is common to all, that there was danger of injury to persons who were too close to dynamite when it exploded does not excuse the master's failure to warn the servant of the fact, which it knew and the servant did not, that fuses sometimes would smolder when they appeared not to be lighted and would thereafter explode the dynamite a considerable time after other fuses had exploded other sticks of dynamite.

Appeal from District Court, McLennan County; Jas. P. Alexander, Judge.

J. O. Dool against City of Waco to recover damages for personal injuries. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 231 S. W. 176.

Street & Coston, of Waco, for appellant.

Geo. W. Barcus and Bryan & Maxwell, all of Waco, for appellee.

### Statement.

BLAIR, J. This suit was instituted by appellee, J. O. Dool, against appellant, city of Waco, for personal injuries resulting in the loss of an eye, and bruises and cuts on the arm and body, alleged to have been occasioned by a discharge of dynamite while appellee and other employés were engaged in digging a sewer ditch for appellant.

Appellee alleged that the City of Waco was guilty of negligence, which was the proximate cause of the injury, in three particular matters: First, that the fuses furnished by the appellant were defective and worn, and would not light easily, and would sometimes smolder and not properly catch on fire when an attempt was made to light the same; second, that appellee was inexperienced in the handling of dynamite, and did not know the danger attached thereto, nor did he know that there was danger in fuses catching and smoldering for a long time, and finally exploding the dynamite, and that appellant, its agents, and employés did not warn him of this danger; and third, that he returned to the ditch after lighting the fuses, under the order and instruction of the foreman of appellant, to light other fuses, and while so doing one of the fuses, which he did not know he had lighted at first, exploded the dynamite while he was there, and caused his injury.

Appellant answered by general demurrer and general denial, and further that appellee knew the danger incident to the use of dynamite, and, so knowing, appellant was under no duty to warn him of the danger.

A trial was had before a jury, and upon special issues, answered by the jury, judgment was rendered for appellee in the sum of $3,600. Appellant's motion for new trial was overruled, and it here now presents its case for our review.

### Findings of Fact.

J. O. Dool, a minor, about 20 years of age, was injured by being struck in the eye and on the arm and body by rocks thrown by an explosion of dynamite while engaged as an employé of the city of Waco, in digging a sewer ditch. The injury resulted in the loss of his right eye and severe bruises on his arm and body. Appellee had been reared on a farm, and knew nothing of the use of dynamite, or that the fuses would sometimes fail to light easily, and smolder and burn slowly, and later cause the discharge of the dynamite. He knew generally that it was dangerous to be near dynamite when it exploded. He had been engaged for two days previous to the injury in lighting the fuses to dynamite the sewer ditch. On the day of the injury, just before 1 o'clock, the time for the other employés on the ditch to go to work, the foreman in charge sent appellee to set off the fuses, telling him to light five or six of them. He lighted three and was attempting to light the fourth, but it did not readily light, as he thought, and after making several attempts looked behind him and decided that it was best for him to leave, as the other three had burned down considerably. He ran about 100 yards to safety, and after the explosion the foreman told him to return and light some more of the fuses, which he proceeded to do, and upon reaching the place where he had attempted to light the fourth fuse he discovered that it was burning, and before he could get away the fuse burned down and exploded the dynamite, causing the above-mentioned injuries.

### Opinion.

The jury found for appellant upon all issues of negligence, except the issue that appellant failed to warn appellee of the danger in the use of dynamite, in that it did not notify or warn him of the danger that fuses might

---
⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction November 21, 1923.

sometimes be hard to light, and that they would smolder for some minutes before burning down and causing the dynamite to explode. On this issue, we find that 'the jury's verdict is sufficiently supported by the evidence.

[1] Appellant seeks a reversal of this case, as well as a judgment rendered in its behalf: First, because the court erred in submitting to the jury the issue of negligence in regard to appellant's failure to warn the appellee of the danger in the use of dynamite, it being contended that he knew and appreciated its danger; and, second, that where the undisputed evidence shows that the employé knew and appreciated the danger of his employment, the failure of his master to warn him thereof was not the proximate cause of the injury, and judgment should have been rendered for appellant.'

On a former appeal of this case, this court reversed and remanded it for a new trial because of a peremptory instruction given by the court in favor of the city of Waco, appellant herein, on the ground that the trial judge was of the opinion that appellant had sufficient knowledge of the danger of the use of dynamite as to excuse the employés of the city in their failure to warn him thereof. Dool v. City of Waco (Tex. Civ. App.) 231 S. W. 176.

The facts adduced in the former trial were substantially the same as in the instant case, and we are of the opinion that that case was correctly decided on the points of law involved in this appeal, and the judgment will be affirmed.

The jury's verdict upon which this judgment was rendered is based upon their findings that the appellant was negligent in failing to warn appellee of the danger incident to the use of dynamite, in that fuses sometimes smoldered and would not light readily, and sometimes failed to discharge the dynamite for some minutes after being lighted, and that such failure to warn appellee was the proximate cause of the injury; and, the jury's verdict being based upon sufficient testimony, it is not the province of this court to disturb it on appeal. Appellee testified:

"In August, 1918, I was 20 years old, and at that time I hadn't had any experience in handling dynamite, not any at all, and I hadn't had any experience in lighting fuses. * * *

"Mr. Roddy said, 'There ain't a bit of danger in the dynamite.' * * * So I went up there to the ditch and lit four fuses, but in attempting to light the fourth one, the last one, I didn't think it was lit. I attempted to light it three or four times and looked back over my shoulders and saw that the others were on fire, so I got out of the ditch and run about a hundred yards, or a safe distance, to keep the rock from hitting me. * * *

"I spoke about having tried to light that fourth fuse and did finally light it, but at the time I left the ditch I did not know whether it was lit or not. As to how much effort I made to light the fourth fuse, I will state that I tried to light it three or four times, and it never would catch, or never would start off right to my mind, and I didn't know that it was ever lighted. * * *

"I had never had any experience in using dynamite, and I had never been around anyone who was using dynamite. I did not know that sometimes fuses would light when you couldn't tell it, and nobody had ever told me that this was a fact. * * * Mr. Ferguson or Mr. Roddy neither one ever told me that there was any danger in reference to the use of dynamite, or with the use or lighting of fuses. They never did warn me at all about it."

Other witnesses, experienced in the use of dynamite and in the particular matter of lighting the fuses, testified that sometimes fuses cut off of the same piece would smolder and then pick up again; that sometimes for a little while one would scarcely burn, and then it would pick up and go fast; and that sometimes fuses of the same length as others would take a longer time to burn. Appellee testified that he did not know this fact, and we are of the opinion that the appellant and those in its employ, who did know it, were negligent in failing to warn him thereof.

[2] Appellant's contention that, appellee having testified that he knew it was dangerous to be near exploding dynamite, he was thereby precluded in charging it with negligence in failing to warn him of a fact which he already knew, is without merit in this case. The matter of danger in exploding dynamite to one near it is of common knowledge. There is no one of common judgment or reason but who knows that injury will result from the explosion of dynamite, if perchance they are in close proximity to the same when it is so discharged; but it is also a matter of common knowledge that it requires a certain degree of skill and experience for one to be able to safely use dynamite and make it serviceable. This being true, it was negligence on the part of the experienced employés of appellant to permit appellee, with only two days' experience or service in handling dynamite, and in lighting fuses to enable the dynamite to be discharged, to do such work without warning him of the danger that such fuses sometimes smoldered and took longer to burn than others, and that sometimes they were not easily or readily lighted, in order that he might be able to protect himself by staying away until all danger had passed, or at least until he could have been reasonably certain that he had failed to light the fuses. Dool v. City of Waco (Tex. Civ. App.) 231 S. W. 176; Southwestern T. & T. Co. v. French (Tex. Civ. App.) 245 S. W. 997; Hotel Dieu v. Armendarez (Tex. Com. App.) 210 S. W. 519; Railway Co. v. Johnson (Tex. Civ. App.) 174 S. W. 617; Railway Co. v. Collins (Tex. Civ. App.) 173

S. W. 253; Burrows v. Ozark White Lime Co., 82 Ark. 343, 101 S. W. 744; Railway Co. v. Smallwood (Tex. Civ. App.) 171 S. W. 292; Oil Co. v. Barnes (Tex. Civ. App.) 120 S. W. 1023; Drake v. Railway Co. 99 Tex. 240, 89 S. W. 407; Vernon's Ann. Statutes 1918 Sup. art. 5246—1.

We are of the opinion that there is no error in the judgment, and it is therefore affirmed.

Affirmed.