## TEXAS EMPLOYERS' INS. ASS'N v. CITY OF TYLER. (No. 3151.)*

(Court of Civil Appeals of Texas. Texarkana. March 9, 1926. Rehearing Denied March 25, 1926.)

**1. Municipal corporations ⚖➙724—Municipalities are not liable for injuries while engaged in governmental functions, but are liable when engaged in nongovernmental functions.**

Cities and towns are not liable for personal injuries resulting from acts and omissions of their governmental agents, but, when engaged in enterprises of a nongovernmental nature for private benefit of inhabitants, they are subject to same common law and statutory liabilities imposed on individuals and private corporations.

**2. Municipal corporations ⚖➙733(1) — Construction and operation by city of water and light plants, streets, railroads, and sewers are private undertakings.**

Construction and operation of water and light plants, streets, railroads, and sewers by city are not governmental activities, but in nature of private undertakings, conducted through agency of hired employés.

**3. Master and servant ⚖➙364—City sustains relation of master to employés engaged in construction of sewers (Rev. St. 1911, art. 4694, as amended by Acts 1921, c. 109, § 1 [Vernon's Ann. Civ. St. Supp. 1922, art. 4694]).**

City sustains relation of master to employés engaged in construction of sewers for city, and is liable for personal injuries received by them in course of their employment, and, since amendment to Rev. St. 1911, art. 4694 (Acts 1921, c. 109, § 1 [Vernon's Ann. Civ. St. Supp. 1922, art. 4694]), for injuries resulting in death.

**4. Master and servant ⚖➙364.**

Incorporated cities and towns, when exercising functions of private corporations, come within Workmen's Compensation Law (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq. [now Rev. St. 1925, art. 8306 et seq.]).

**5. Statutes ⚖➙230, 231—Legislature is presumed to adopt interpretation by courts of statutes revised or amended without material alteration.**

The Legislature is assumed to take cognizance of judicial construction given existing statutes by appellate courts, and, when laws have been revised or amended without material alteration, Legislature is presumed to intend adoption of interpretation given by courts.

**6. Master and servant ⚖➙364.**

If portion of Workmen's Compensation Law (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq. [now Rev. St. 1925, art. 8306 et seq.]) includes incorporated cities and towns exercising functions of private corporations, then all of its provisions apply.

**7. Master and servant ⚖➙364—Municipal corporations are not excluded from "corporations" within definition of "employer" by Workmen's Compensation Act (Workmen's Compensation Act, pt. 4, § 1 [Vernon's Ann. Civ. St. Supp. 1918, art. 5246—82]).**

Workmen's Compensation Act, pt. 4, § 1 (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—82), does not exclude municipal corporations from "corporations" included within definition of "employer"; principal purpose of provision being to define what should constitute employment and not to designate employer.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Corporation.]

**8. Statutes ⚖➙199—Municipal corporations need not necessarily be mentioned by name to be included within statute applying to corporations.**

Rule limiting meaning of term "corporation" to private corporations does not require, in all cases, that municipal corporations be mentioned by name in order to be included within terms of statute not otherwise inapplicable.

**9. Statutes ⚖➙181(1).**

Rules for construing statutes must be subordinated to paramount purpose of ascertaining meaning of lawmakers.

**10. Statutes ⚖➙190.**

In ambiguous or uncertain statute, subject-matter of statute will control to some extent in determining whether strict or liberal interpretation shall be adopted.

**11. Statutes ⚖➙239, 241(1), 243—Penal statute or one creating civil liability unknown to common law is strictly construed, but statute enlarging existing rights and remedies is liberally construed.**

Statute, penal in its terms, or creating civil liability unknown to common law, will not be extended beyond plain meaning of language used, but statute enlarging existing rights and remedies will be liberally construed to extend benefits without offending purpose of law.

**12. Master and servant ⚖➙348.**

Workmen's Compensation Law (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq. [now Rev. St. 1925, art. 8306 et seq.]) should be liberally construed both in applying its remedies and in determining legal entities to which it applies.

**13. Municipal corporations ⚖➙873—Municipal corporation is not precluded from subscribing to employer's insurance association (Const. art. 3, § 52, and article 11, § 3; Workmen's Compensation Act, pt. 3, §§ 1, 6 [Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—54, 5246—60]).**

Const. art. 3, § 52, and article 11, § 3, as to lending credit, etc., does not prevent municipal corporation when exercising functions of private corporation from becoming subscriber to employer's insurance association, under Workmen's Compensation Act, pt. 3, §§ 1, 6 (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—54,

---

⚖➙For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
283 S.W.—59       *Writ of error granted June 9, 1926.

5246—60); it not being a private corporation for profit.

**14. Master and servant ☞383.**

Incorporated cities and towns are not exempt from provisions of Workmen's Compensation Act, pt. 4, § 3a (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—86), penalizing employers misrepresenting their pay roll to insurance association.

**15. Taxation ☞217.**

Constitution exempting from taxation property of incorporated cities used for public purposes implies that property not so held is subject to taxation.

Appeal from District Court, Smith County; J. R. Warren, Judge.

Suit by Texas Employers' Insurance Association against the City of Tyler. From a judgment of dismissal, plaintiff appeals. Reversed and remanded for trial on the merits.

Bullock & Ramey and Tomas G. Pollard, all of Tyler, for appellant.

Troy Smith, of Tyler, for appellee.

HODGES, J. The appellant, Texas Employers' Insurance Association, is a corporation created under the provisions of the Workmen's Compensation Act. It filed this suit in the court below against the city of Tyler for the purpose of recovering $634.98 claimed as unpaid premiums on an employer's policy of insurance issued to the city of Tyler, and the further sum of $6,349.70 as penalties incurred by the city for misrepresenting its pay roll. The petition alleged, in substance, that on the 19th day of November, 1919, the appellant issued to the city of Tyler a contract of insurance, whereby, in consideration of a cash deposit premium and the agreement by the city to pay additional premiums, the association agreed and undertook to furnish medical aid, hospital services, and medicines, and to pay compensation, established according to the provisions of the Workmen's Compensation Act, for bodily injuries or deaths sustained accidentally by the employees of the city, and to pay the losses and expenses arising from claims upon the city for damages on account of such injuries or deaths while such contracts of insurance remained effective. That contract was accepted by the city, and was renewed from time to time by the parties, and the city received the benefits thereunder as provided therein, and the contract remained in full force and effect from the date of its issuance, November 19, 1919, until the 1st day of March, 1924, at which time it was canceled by the city. A copy of the contract was attached to the appellant's petition. It was also alleged that all liability of the city to any manner or form of assessments under the provisions of the Workmen's Compensation Law was waived and suspended during all the time the insurance remained in force, because of accumulations and maintenance by the plaintiff during such time of an admitted surplus in excess of losses, damages, and unearned premiums; that a special indorsement evidencing the suspension of such liabilities on the part of the city was attached to the contract of insurance, as shown by the exhibit. It was further alleged that among the employés of the city of Tyler, on whose account the policy of insurance was issued, were laborers employed by the city for the purpose of extending, constructing, and installing sewer mains through the streets of the city and vicinity; that such laborers were employés of the city within contemplation of the policy of insurance, and within the meaning of the Workmen's Compensation Act; that in accordance with the stipulated rating applying to such labor as set forth in the contract of insurance, the city became indebted to the plaintiff for premiums in the sum of $634.97. It is also charged that the city failed and refused to include in written statements rendered by it to the association of the monthly pay roll expenditures by the city covering the period of time during which its employés engaged in sewer building and construction were employed, and of the wages and compensation of such laborers; that the city knowingly and willfully misrepresented to plaintiff the amount of its monthly pay roll during that period of time, contrary to the terms of the policy of insurance and the provisions of the Workmen's Compensation Act. For that breach of that duty the appellant sought to recover the sum of $6,349.70. The defendant, city of Tyler, pleaded a general demurrer, which was sustained by the trial court, and upon appellant's refusal to amend the suit was dismissed.

It appears from the briefs filed by the parties to this appeal that the trial court based its judgment upon the proposition that an incorporated city or town cannot, under the terms of the Workmen's Compensation Act (Acts 1917, c. 103), become a subscribing member of an employers' insurance association. Under the Revised Statutes of 1925 that act begins with article 8306. Its pertinent provisions are as follows:

"Part I.

"Nonsubscriber's Defenses Abrogated.

"Section 1. In an action to recover damages for personal injuries sustained by an employé in the course of his employment, or for death resulting from personal injury so sustained, it shall not be a defense:

"1. That the employé was guilty of contributory negligence.

"2. That the injury was caused by the negligence of a fellow employé.

"3. That the employé had assumed the risk of the injury incident to his employment; but such employer may defend in such action on the

ground that the injury was caused by the wilful intention of the employé to bring about the injury, or was so caused while the employé was in a state of intoxication.

"4. Provided, however, that in all such actions against an employer who is not a subscriber, as defined hereafter in this act, it shall be necessary to a recovery for the plaintiff to prove negligence of such employer or some agent or servant of such employer acting within the general scope of his employment.

"Sec. 2. The provisions of this act shall not apply to actions to recover damages for the personal injuries nor for death resulting from personal injuries sustained by domestic servants, farm laborers, nor to employés of any firm, person or corporation having in his or their employ less than three (3) employés, nor to the employés of any person, firm or corporation operating any steam, electric, street, or interurban railway as a common carrier. Provided, that any employer of three or more employés at the time of becoming a subscriber shall remain a subscriber subject to all the rights, liabilities, duties and exemptions of such, notwithstanding after having become a subscriber the number of employés may at times be less than three." Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 and 5246—2.

Section 1 of part 3 is as follows:

"The 'Texas Employers' Insurance Association' is hereby created, a body corporate with the powers provided in this act and with all the general corporate powers incident thereto." Article 5246—54.

Section 6 of part 3 provides that—

"Any employer of labor in this state may become a subscriber except as provided in section 2, part 1, of this act." Article 5246—60.

Section 1 of part 4 contains the following definition:

" 'Employer' shall mean any person, firm, partnership, association of persons or corporations or their legal representatives that makes contracts of hire. * * *

" 'Subscriber' shall mean any employé who has become a member of the association by paying the required premium," etc. Article 5246—82.

[1,2] The particular question presented in this appeal—that is, can an incorporated city or town become a subscribing member of an employers' insurance association?—has never been directly decided by any of the appellate courts in this state, so far as we have been able to ascertain. Municipal corporations are not expressly excluded; and there is, apparently, nothing in the purposes sought to be accomplished by the passage of the Workmen's Compensation Act, or the duties and requirements which it imposes on those to whom it is made available, that would exclude by implication incorporated cities and towns. It is true that cities and towns are endowed with, and may exercise, many governmental functions, and are not liable for personal injuries resulting from the acts and omissions of their governmental agents or officers. But it is also true that such municipal corporations have many of the characteristics of private corporations, and may engage in many enterprises of a nongovernmental nature for the private benefit of their inhabitants. While so engaged they are subject to the same common law, and many statutory liabilities, imposed upon individuals and private corporations. They may be, and often are, authorized by their charters to construct and operate water and light plants, build macadamized streets and sidewalks, operate street railroads, and construct and maintain sewers. These are not governmental activities, but in the nature of private undertakings conducted through the agency of hired employés, not governmental officers. City of Galveston v. Posnainsky, 62 Tex. 118, 50 Am. Rep. 517; Bexar County v. Linden, 220 S. W. 761, 110 Tex. 339; Ostrom v. City of San Antonio, 62 S. W. 909, 94 Tex. 523; City of Belton v. Ellis (Tex. Civ. App.) 254 S. W. 1023; Green v. City of Amarillo (Tex. Civ. App.) 244 S. W. 241; Id. (Tex. Com. App.) 267 S. W. 702; Cawthorn v. City of Houston (Tex. Com. App.) 231 S. W. 701; City of Greenville v. Branch (Tex. Civ. App.) 152 S. W. 478.

[3] It was alleged in the pleadings of the appellant, to which the court sustained a demurrer, that the city of Tyler at the time it contracted for a policy of insurance was engaged in constructing and installing sewer mains through the city, and had employed for that purpose a large number of laborers. If that be true, the city was engaged in an enterprise in which it sustained toward those employés the relation of a master to a servant, and was liable for personal injuries received by them in the course of their employment. Such liability, since the last amendment of article 4694, Revised Statutes of 1911 (Acts 1921, c. 109, § 1 [Vernon's Ann. Civ. St. Supp. 1922, art. 4694]), included injuries resulting in death.

[4] Section 1 of part 1 of the act, previously quoted, uses general terms, and its language is broad enough to include all employers of labor, both natural and artificial persons, who under existing laws may be held responsible for personal injuries sustained by their employés. If that section stood alone, as a distinct law, there would be little doubt that it included incorporated cities and towns among those employers who could no longer plead the common-law defenses of contributory negligence, negligence of a fellow servant, or assumed risk, in actions of the kind there referred to. Unless there is something in the succeeding portions of the act, which expressly, or by necessary implication, excepts cities and towns authorized by their charters to employ laborers and engage in other than governmental enterprises, such corporations are as much subject to all the provisions of the law as are any other employers of labor. That this section does

include incorporated cities and towns has been twice held by a Court of Civil Appeals. Dunaway v. Austin Street Ry. Co., 195 S. W. 1157; Dool v. City of Waco, 231 S. W. 176.

[5] In the first case cited above the Supreme Court refused a writ of error. Since that decision was rendered and the application refused, section 2 of part 1, which contains the only class of employers excepted from the provisions of the act, has been amended, and municipal corporations are not mentioned, nor is there any other provision of the amendatory act which either expressly or by implication enlarges, or extends, the exceptions so as to include any class of municipal corporations. Counties need not be mentioned, because they are not subject to such liabilities. It also appears that, since both of those decisions were rendered, the entire Civil Code has been revised by a commission which altered the verbiage of existing laws in some important details. That revision has been adopted by the Legislature, without altering the provisions of the Workmen's Compensation Act in any material respect. It will be assumed that the Legislature takes cognizance of the judicial construction given existing statutes by the appellate courts; and, when the laws have been revised, or the particular act amended, without material alteration of the provisions involved in the construction, it will be presumed that the Legislature intended to adopt the interpretation given by the courts. G., C. & S. F. Ry. Co. v. Fort Worth & N. O. Ry. Co., 2 S. W. 199, 3 S. W. 564, 68 Tex. 98; Laughlin v. Dabney, 24 S. W. 259, 86 Tex. 120.

[6] If any portion of the Workmen's Compensation Law applies to or includes incorporated cities and towns, when exercising the functions of private corporations, then all of its provisions apply. It is unbelievable that the Legislature would deprive those municipalities of valuable common-law defenses and at the same time withhold from them the benefits conferred by the act upon others who employ hired labor. There does not exist any reason why such a discrimination should have been made. Its manifest unfairness is sufficient to justify the inference that none was intended.

[7] As supporting its contention that municipal corporations are excluded from the provisions of this statute, counsel for appellee refer to the definition of "employer" as contained in section 1 of part 4. The term is there defined to mean "any person, firm, partnership, association of persons or corporations, * * * that makes contracts of hire." It is contended that the persons and legal entities there mentioned include all and only those who may become subscribing members of an employers' insurance association, and subject to the provisions of the law; that municipal corporations are not expressly mentioned, and should not be included in

the word "corporations." As justifying the conclusion that municipal corporations are not included in this enumeration, counsel refers to the rule of construction which limits the meaning of the term "corporation," when not otherwise amplified, to private corporations. As authority for that construction, reference is made to the cases of Elliott v. City of Brownwood, 166 S. W. 1129, 106 Tex. 292, and City of Dallas v. Halford et al. (Tex. Civ. App.) 210 S. W. 725. In the case last mentioned Chief Justice Rainey, who wrote the opinion, refers to numerous cases in which the rule here invoked was adopted.

[8, 9] But however general that rule may be, it is not so universal as to require, in all cases, that municipal corporations be mentioned by name in order to be included within the terms of a statute not otherwise inapplicable. In the case of City of Amarillo v. Tutor, 267 S. W. 697, the Commission of Appeals held that article 6640 of the Revised Statutes of 1911, which makes "every person, receiver, or corporation operating a railroad or street railway," etc., liable for injuries sustained by its employés as a result of the negligence of any other servant or employé, included an incorporated city when engaged in operating a street railroad. That ruling was evidently based upon the conclusion that the term "corporation," as used in that article, was not restricted to private corporations. See, also, Threadgill v. Pumphrey, 30 S. W. 356, 87 Tex. 573; Id., 28 S. W. 450, 9 Tex. Civ. App. 184. Many other cases to the same effect might be cited. All rules of construction must be subordinated to the one paramount purpose of ascertaining the meaning of the lawmakers, and that purpose may often be defeated by a rigid adherence to any arbitrary system of interpretation.

[10, 11] Where the language of a statute is ambiguous, and the meaning of the lawmakers is uncertain, courts have adopted the rule of allowing the subject-matter to control, to some extent, in determining whether a strict or a liberal interpretation shall be adopted. If the statute is penal in its terms, or consequences, or creates a civil liability unknown to the common law, its provisions will not be extended beyond the plain meaning of the language used. Doubtless that rule was followed by the courts in construing the statute relating to injuries resulting in death because of its penal consequences. On the other hand, if the law to be construed enlarges existing rights and remedies, or creates new rights or more convenient remedies, the judicial trend is to adopt a liberal interpretation and extend the benefits as far as it may be done without offending the evident purpose of the law.

[12] The Workmen's Compensation Act is regarded as a remedial statute, and should be liberally construed. McClure v. Georgia Casualty Co. (Tex. Com. App.) 251 S. W. 800;

Eastern Electric Co. v. Woods (Tex. Civ. App.) 230 S. W. 498; American Indemnity Co. v. Dinkins (Tex. Civ. App.) 211 S. W. 949; Employers' Liability Insurance Corporation v. Light (Tex. Civ. App.) 275 S. W. 685; Texas Employers' Insurance Association v. Moreno (Tex. Civ. App.) 260 S. W. 283; Millers' Mutual Casualty Co. v. Hoover (Tex. Com. App.) 235 S. W. 863; L. R. A. 1917D, 89. This liberality, we think, should not only be indulged in applying the remedies provided for, but in determining what legal entities may claim the benefit of those remedies.

However, we are not disposed to adopt the conclusion that the definition of the term "employer," given in section 1 of part 4 of the act, was intended primarily as descriptive of the persons and legal entities who might become members of an employers' insurance association. Apparently the principal purpose of that provision was to define what should constitute employment, and not to designate who might be an employer. In other words, it was to make clear the fact that an employer was one who hired another, and not one who engaged the services of another without a contract for compensation. That purpose is more clearly indicated by the definition of "employé" which followed. The more appropriate place for whatever limitations, or exceptions, as to those to whom the act should apply is in section 2 of part 1, where certain classes are expressly mentioned. Section 6 of part 3 provides that "any employer of labor in this state may become a subscriber, except as provided in section 2 of part 1 of this act." The section above referred to contains no language that could be construed as excluding incorporated cities and towns.

[13] But, conceding that the Legislature did intend that this act should apply to incorporated cities and towns, the question arises, Is there any constitutional restriction which forbids such municipalities becoming members of employers' insurance associations? Counsel for appellee contends that there is, and refers to the following provisions of the state Constitution:

Section 52 of article 3:

"The Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the state, to lend its credit or to grant public money or thing of value in aid of, or to, any individual, association or corporation whatsoever, or to become a stockholder in such corporation, association or company," etc.

Section 3 of article 11:

"No county, city or other municipal corporation, shall hereafter become a subscriber to the capital of any private corporation or association, or make any appropriation or donation to the same, or in any wise loan its credit; but this shall not be construed to in any way affect any obligation heretofore undertaken pursuant to law."

The financial difficulties in which cities and counties formerly became involved by lending their credit to assist railway construction, and which caused the adoption of those provisions of the Constitution, is a part of the legal history of the state. To avoid those and similar difficulties was the plain purpose of those inhibitions. While the Texas Employers' Insurance Association is a corporation, it is not strictly a private corporation, and is not organized as a private enterprise for profit. It has no capital stock, and issues no shares to stockholders. It engages in no speculative enterprise and contracts no debts, except those incidental to its operation in the performance of its statutory duties. It is what its name indicates, a mutual insurance association. Subscribers do not become such for profit, but for protection against liabilities difficult to escape, and to secure immunities which other laws deny to employers of labor. Middleton v. Power & Light Co., 185 S. W. 556, 108 Tex. 96; City of Dallas v. Employers' Insurance Association (Tex. Civ. App.) 245 S. W. 946. We therefore conclude that the Constitution imposes no barrier to membership by incorporated cities in an employers' insurance association.

[14] Counsel for appellee also refer to that provision of the Workmen's Compensation Law, appearing as section 3a of part 4 (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—86), and which reads as follows:

"Any subscriber who shall willfully misrepresent the amount of his pay roll to the association writing his insurance upon which any premium under this act is to be based shall be liable to the association insuring the compensation of his employés in an amount not to exceed ten times the amount of the difference between the premium which he paid and the amount which said subscriber should have paid had his pay roll been correctly computed; and the liability to said association for such misrepresentation if it was deceived thereby, may be enforced in a civil action in any court of competent jurisdiction in this state."

It is insisted that the Legislature would not likely make municipal corporations, which are a part of the governmental machinery of the state, subject to such heavy penalties. That, it is claimed, furnishes a reason for inferring an exception as to incorporated cities and towns.

[15] It cannot be doubted that the Legislature might, if it saw proper, impose such penalties upon incorporated cities and towns there being no constitutional barrier. The Constitution exempts from taxation the property of incorporated cities used for public purposes, clearly leaving the inference that property not held or used for a public purpose is subject to taxation. Galveston Wharf Co. v. City of Galveston, 63 Tex. 14; 1 Cool-

ey on Taxation, p. 266. It cannot be contended that an incorporated city is not subject to the penalty provided generally for the failure to pay its taxes within the time prescribed by law. Municipal property is also made subject to statutory liens in certain instances, and property not used for public purposes may be taken for forced sale. The penalty prescribed in the Workmen's Compensation Act is for misconduct amounting to a fraud upon other members of the association, and there is no more reason for exempting a municipal corporation from those compulsory features than there would be for exempting any other employer who was receiving the benefits of membership in the association. Moreover, the act provides for a maximum penalty, thus giving courts the power to impose only a nominal penalty if they see proper. However, that provision is only one of the details of the law, which, if unenforceable, would not render the remaining appropriate provisions invalid or inapplicable.

As in harmony with the general conclusions announced in this case, we refer to the following cases decided by the courts of other states, presented in appellant's brief: Brown v. City of Decatur, 188 Ill. App. 147; Ezell v. Tipton, 264 S. W. 355, 150 Tenn. 300; Allen v. City of Millville, 95 A. 130, 87 N. J. Law, 356; Lewis & Clark County v. State Industrial Accident Board, 155 P. 268, 52 Mont. 6, L. R. A. 1916D, 628.

For the reasons stated, we think the court erred in sustaining the demurrers to the appellant's petition, and the judgment is reversed and the case remanded for a trial on its merits.